**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| JANELLE PITTERSON, on behalf of herself and others similarly situated, | Case No.: 1:25-cv-03029 |
| Plaintiffs, | **CLASS & COLLECTIVE ACTION COMPLAINT AND DEMAND FOR <u>JURY TRIAL</u>** |
| vs. | |
| FLAVORS LLC d/b/a THE CONTRACTS LOUNGE, and SAMIA BINGHAM, | |
| Defendants. | |

Plaintiff Janelle Pitterson (hereinafter "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, on behalf of herself and all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Flavors LLC d/b/a The Contracts Lounge (hereinafter "Flavors" or the "Corporate Defendant" and Samia Bingham (hereinafter "Bingham" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

<u>INTRODUCTION</u>

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA") 29 U.S.C. §201 *et seq.*, the New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* (hereinafter the "NYLL"), the Wage Theft Prevention Act (N.Y. Lab. Law § 195(3) and §195(1)) (hereinafter the "WTPA"), and alternatively, the New York State and City Freelance Isn't Free Act ("FIFA"), New York General Business Law ("GBL") §§ 191-a, *et seq.*, and New York City Administrative Code ("Admin Code") §§ 20-927, *et seq.*

2.      Upon information and belief, over the course of the last six (6) months, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours as required by law and, *inter alia*, misclassifying Plaintiff and others as independent contractors to evade minimum wage and/or overtime obligations.

3.      Plaintiff has therefore commenced this action to recover unpaid wages she has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

5.      The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State and local laws pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Brooklyn, NY.

7.      At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in New York including within the borough of Brooklyn.

8.      At all times relevant, Defendant engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), and had revenues exceeding $500,000.00.

9.      Plaintiff falls within the protections of the FLSA and satisfies the individual coverage requirements because Plaintiff engaged in interstate commerce to perform her duties by,

*inter alia*, recruiting individuals from outside the State of New York for Defendants' benefit and making presentations to Defendants which included individuals across state lines.

## PARTIES

9.      Plaintiff is an adult individual who is a resident of Kings County within the State of New York.

10.     Plaintiff was employed by the Defendants in the State of New York during the period of January 2024 through May 2024.

11.     Defendant Flavors is a business entity organized under the laws of Maryland with a primary office located at 6504 America Boulevard, Suite 105A Hyattsville, MD 20782.

12.     Defendant Bingham is an adult individual residing within the State of Maryland, City of Hyattsville, and is the principal of Flavors.

13.     At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

## STATEMENT OF FACTS

14.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for all hours worked for every workweek.

15.     Plaintiff began working for Defendants in or around January 2024, as a culinary advisor and worked approximately five (5) hours per week.

16.     During the course of her employment, Plaintiff was directed and controlled by the Defendants.

17.     According to an agreement between Plaintiff and Defendants, Plaintiff was to be paid in the amount of $8,500.00 in the aggregate for six (6) weeks of work, which amounts to $1,416.67 per week.

18.    During the relevant period, Plaintiff worked approximately forty-two (42) hours per week.

19.    During the relevant period, Plaintiff was not paid for all the hours worked she rendered for the benefit of the Defendants.

20.    In fact, to this very day, Plaintiff has not received a dime from Defendants despite the fact she performed work.

21.    At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

22.    At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA and NYLL to track and record Plaintiff's compensable hours accurately and with precision.

23.    Plaintiff, by reason of the non-payment of her wages, was then forced to stop reporting for work with Defendants after having her complaints concerning same fell on deaf ears.

24.    At all times during her employment with the Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding her work performance.

25.    Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA and NYLL.

26.    As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that she should have received for her hours worked in compliance with the FLSA and NYLL.

27.    Furthermore, Defendants' willful failure to keep accurate records of Plaintiff 's hours worked prevented Plaintiff from being able to calculate her total hours worked and determine if she was being paid in accordance with the FLSA and NYLL.

28.    As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

29.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings her FLSA claim as a collective action on behalf of herself and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

31.    At all relevant times, Plaintiff  and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff  and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and (ii) failing to timely pay all wages owed.

32.    At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

33.    Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

34.    As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

35.    While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are at least two (2) individuals comprised of the FLSA Collective Members.

36.    Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

37.    Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

**CLASS ACTION ALLEGATIONS**

38.    Plaintiff brings this action, in part, as a class action under the NYLL—and, in the alternative, under FIFA—as well as all applicable regulations thereunder.

**A.  Class Definition**

39.    Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of herself and a class of all other employees and/or "contractors" who have been employed or engaged by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

40.     Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of herself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

41.     Plaintiff alleges, on behalf of herself and the Class, that Defendants violated the NYLL and/or FIFA by, *inter alia*: (i) failing to compensate Plaintiff  and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff  and the Class at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to provide Plaintiff  and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiff  and the Class.

42.     Plaintiff further alleges, on behalf of herself and the Subclass, that Defendants violated the NYLL by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked and failing to timely pay all compensation owed.

43.     Plaintiff also alleges, in the alternative and on behalf of herself and the Class, that Defendants violated FIFA by, *inter alia*: (i) failing to pay all compensation owed; and (ii) failing to timely pay all compensation owed.

44.     Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

45.     The wage practices described herein are part of Defendants' normal course of conduct.

46.     Pursuant to Rule 23, Plaintiff's NYLL and FIFA claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

47.     The members of the Class and Subclass are so numerous that joinder is impracticable.

48.     While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Class when accounting for turnover during the course of the last six (6) years.

49.     While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Subclass when accounting for turnover during the course ofe the last six (6) years.

50.     Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

51.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

52.     Indeed, there are few, if any, purely individual issues in this action.

53.     The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

      (a) Whether Defendants failed to pay Plaintiff and the Subclass at the State minimum wage rate;

      (b) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

(c) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(d) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

(e) Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(f) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(g) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

54.    Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

55.    Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

56.    Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

57.    The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

58.    Indeed, Plaintiff knows of at least two (2) individuals who were similarly willfully misclassified as "contractors" because "that is how Bingham does business," which was Defendants' way of refusing to timely pay their employees and avoid the payment of overtime compensation.

59.    Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

60.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

61.    Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

62.    Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because she does not assert any individual claims separate and apart from the Class and Subclass she seeks to represent.

63.    Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

64.    The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

65.    Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

66.    Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

67.    By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

68.    Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

69.    Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

70.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

71.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

72.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

73.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

74.    The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

75.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff 's claims and those of the Class and Subclass.

76.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

77.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA: UNPAID WAGES AND OVERTIME PAY
*(on behalf of the Plaintiff and the Collective Action Members)*

78.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

79.    Defendants knowingly and willfully failed to pay Plaintiff and the Collective Action Members their wages and overtime compensation for the actual hours that they worked.

80.    Similarly, Defendants are liable to the Plaintiff and the Collective Action Members for associated damages pursuant to 29 U.S.C. § 206(a)(1) and under the NYLL.

81.    By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has incurred costs as well as reasonable attorneys' fees.

82.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

83.    Because Defendants' violations of the FLSA and NYLL were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

84.    As a result of Defendants' unlawful acts, Plaintiff had been deprived of her wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT TWO**
**VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME**
***(on behalf of the Plaintiff and the Class)***

85.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

86.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, et seq., as well as all applicable regulations thereunder.

87.    The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of forty (40) hours in a workweek.

88.    Plaintiff and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

89.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and

one-half times their regular rate of pay for time spent performing off-the-clock work in excess of forty (40) hours in a workweek.

90.     As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

91.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

92.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT THREE
### VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES OWED
### (*on behalf of the Plaintiff and the Class*)

93.     Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

94.     During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq*., as well as all applicable regulations thereunder.

95.     The NYLL requires covered employers, including Defendants, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek.

96.     Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

97.     Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

98.     As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

99.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

100.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT FOUR**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
**(*on behalf of the Plaintiff and the Class*)**

101.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

102.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

103.    The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

104.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

105.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff  and the Class.

106.    As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff  and the Class, Defendants have violated, *inter alia*, NYLL § 195.

107.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

108.    Defendants' violations of the NYLL have significantly damaged Plaintiff  and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus interest (pre-judgment and post-judgment), attorneys' fees and costs.

## COUNT FIVE
## VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS
### (*on Behalf of Plaintiff and the Class*)

109.    Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

110.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

111.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

112.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements.

113.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

114.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

115.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

116.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus interest (pre-judgment and post-judgment), attorneys' fees and costs.

**COUNT SIX**
**VIOLATION OF FIFA: FAILURE TO PAY ALL COMPENSATION**
***(on Behalf of Plaintiff and the Class)***
***(Brought in the Alternative to Plaintiff's and***
***the Class' Claims under the FLSA and NYLL)***

117.    Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

118.    In the alternative, to the extent that Defendants establish that Plaintiff was an independent contractor (which she was not), Plaintiff is entitled to the full amount of compensation owed under her agreement with Defendants plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

119.    At all relevant times, Defendants were hiring parties within the meaning of FIFA.

120.    At all relevant times, Pitterson was a freelance worker within the meaning of FIFA.

121.    Pursuant to the GBL and the Admin Code, a hiring party must pay the freelance worker the contracted compensation on or before the date such compensation is due under the terms of the contract.

122.    Defendants violated the GBL and the Admin Code by failing to pay Plaintiff and the Class in accordance with their agreement.

123.    Under the GBL and the NYC Administrative Code, hiring parties who violate the aforesaid law are liable to the freelance worker in the amount of double damages, injunctive relief, and other remedies as may be appropriate.

124.    Pitterson was a resident of New York City at the time when her wages were due from Defendants.

125.    Pitterson was a resident of New York City at the time when she performed work under the agreement for Defendants.

126.    By the foregoing reasons, Defendants are liable to Plaintiff and the Class in the amount to be determined at trial plus double damages, plus double damages for applicable tax gross-up, plus attorneys' fees, and any other damages permitted under FIFA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Members, the Class, and the Subclass, respectfully requests that the Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and State laws;

B.  Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.  Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D.  Designate Plaintiff as the representative of the FLSA Collective Members, and their counsel of record as class counsel;

E.  Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and

in favor of Plaintiffs and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F.    Declare this action to be maintainable as a class action pursuant to Rule 23, and direct Defendants to provide Plaintiff with a list of all members of the Class and Subclass, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G.    Designate Plaintiff as the representative of the Class, and their counsel of record as class counsel;

H.    Designate Plaintiff as the representatives of the Subclass, and their counsel of record as class counsel;

I.    Determine the damages sustained by Plaintiff, the Class, and the Subclass as a result of Defendants' violations of the NYLL or FIFA, and award those damages against Defendants and in favor of Plaintiffs, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;

J.    Award Plaintiffs, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

K.    Award Plaintiff, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

L.    Grant Plaintiff, the FLSA Collective, the Class, and the Subclass such other and further relief that the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York
      May 30, 2025                 **CONSUMER ATTORNEYS, PLLC**

                                     By:/s/ *Emanuel Kataev*
                                     Emanuel Kataev, Esq.
                                     6829 Main Street
                                     Flushing NY 11367-1305
                                     (718) 412-2421 (office)
                                     (718) 489-4155 (facsimile)
                                     ekataev@consumerattorneys.com

                                     *Attorneys for Plaintiff*
                                     *Janelle Pitterson*