# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK
# BROOKLYN DIVISION

| | |
|---|---|
| JANELLE PITTERSON, on behalf of herself and others similarly situated,<br><br>              Plaintiffs,<br><br>  vs.<br><br>FLAVORS LLC d/b/a THE CONTRACTS LOUNGE, and SAMIA BINGHAM,<br><br>              Defendants. | Case No: 1:25-cv-03029<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)** |

Date: August 25, 2025

Respectfully submitted,

/s/ Roya Vasseghi
Roya Vasseghi (NY Bar No. 4960894)
VASSEGHI LAW GROUP
9663-D Main Street
Fairfax, VA 22031
(703) 215-5358 Tel.
(703) 563-7401 Fax
roya@vasseghilaw.com

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

III. LEGAL STANDARD ............................................................................................................. 2

IV. ARGUMENT ......................................................................................................................... 3

   A. Pitterson's Claims Should be Dismissed Because the Eastern District of New York is not a Proper Forum. ................................................................................................................. 3

      1. The forum-selection clause was reasonably communicated. ................................... 4

      2. The forum-selection clause is mandatory in nature. ................................................ 4

      3. The forum-selection clause covers the claims in this dispute. ................................ 5

      4. Pitterson is bound by the forum-selection clause. ................................................... 6

V. CONCLUSION ...................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696 (2d Cir. 2009) ...................................... 7

*Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49 (2013) ..................................... 3

*Cheng v. HSBC Bank USA, N.A.*, 467 F. Supp. 3d 46 (E.D.N.Y. 2020) ........................................ 5

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ....................................................... 1

*Effron v. Sun Line Cruises*, 67 F.3d 7 (2d Cir. 1995) ....................................................................... 4

*Fasano v. Guoqing Li*, 47 F.4th 91 (2d Cir. 2022)……………………………………………. .3, 4

*Garcia v. S. Grover, CPA, PLLC*, No. 18-CV-3000,

   2018 U.S. Dist. LEXIS 181841 (S.D.N.Y. Oct. 19, 2018)……………………………………..5

*Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221 (2d Cir. 2011) ................................ 5

*Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*,

   211 F.R.D. 71 (E.D.N.Y. 2002) .................................................................................................. 3

*Jones v. Weibrecht*, 901 F.2d 17 (2d Cir. 1990)……………………………………………………..3

*LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147 (E.D.N.Y. 2012) ........................ 7

*Magi XXI, Inc. v. Stato della Citta del Vaticano*, 818 F. Supp. 2d 597 (E.D.N.Y. 2011)……...…5

*Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6 (E.D.N.Y. 2014) ............................................ 7

*MBC Fin. Servs. v. Boston Merch. Fin., Ltd.*, 704 F. App'x 14 (2d Cir. 2017) ............................. 4

*Ortho-Clinical Diagnostics, Inc. v. Mazuma Capital Corp.*, No. 18-CV-6416, 2019 U.S. Dist.

   LEXIS 36910 (W.D.N.Y. Mar. 7, 2019) ..................................................................................... 3

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ......................................................... 4, 5

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ................................................................. 4

*S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705 (2d Cir. 2010) ............................................... 4

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ............................................................ 3, 4

*TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 473 (2d Cir. 2011)………………………..2

*United States ex rel. Foreman v. AECOM*, 19 F.4th 85 (2d Cir. 2021).......................................... 1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 2, 3

Flavors, LLC d/b/a The Contracts Lounge ("Defendant Flavors") and Samia Bingham ("Defendant Bingham") (collectively "Defendants"), by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Under Rule 12(b)(6). This Court should dismiss Plaintiff Janelle Pitterson's ("Pitterson") individual claims and her Collective and Class Actions because Pitterson ignored the mandatory forum-selection clause requiring her to bring these same claims in Prince George's County, Maryland.

## I.   INTRODUCTION

Defendant Bingham is the founder and operator of Defendant Flavors, a company which is located in and operates out of Prince George's County, Maryland. In 2024, Pitterson responded to this request for proposal ("RFP") through her limited liability company, "Homegrown by Chef Janelle" ("Homegrown"), and, on May 7, 2024, executed an independent contractor agreement ("Agreement") with Defendant Flavors. Exh. A.[1] As discussed in greater detail below, the Agreement contains a forum-selection clause in which Pitterson agreed that "any controversy or claim(s) arising out of or relating to" the Agreement "must be brought" in Prince George's County, Maryland. *Id.* Pitterson's claims in this proceedings clearly arise out of and relate to the Agreement, as her relationship with Defendants started with her response to the RFP and existed only for the duration of the Agreement. *Id.* Because an enforceable forum-selection clause between Pitterson and the Defendants provides courts in Prince George's County, Maryland with sole and exclusive jurisdiction regarding claims arising out of or relating to the Agreement, this Court should dismiss this case.

---

[1] Because the Agreement is incorporated by reference in the Complaint at paragraphs 17, 118, and 122 the Court may consider it in deciding this motion to dismiss pursuant to Rule 12(b)(6). *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)).

1

## II. BACKGROUND

On May 30, 2025, Pitterson filed, on behalf of herself and similarly situated individuals who have been employed by Defendants, the instant complaint, which alleges that Defendants (i) misclassified employees as independent contractors; (ii) failed to pay employees their regular wage rate and, when required, their overtime wage rate, for all hours worked; (iii) provided employees untimely payments of all wages owed; and (iv) failed to provide employees with Notices of Pay Rate and accurate wage statements. Plaintiff acknowledges that Defendant Flavors has a primary office located in Hyattsville, Maryland, which is a city in Prince George's County, Maryland, and that Defendant Bingham also resides in Maryland. Compl. ¶¶ 11-12. Plaintiff also acknowledges that Pitterson executed an Agreement with the Defendants. Compl. ¶¶ 17, 118 and 122. The Agreement contains the following forum-selection clause:

> The Parties will attempt in good faith to resolve any controversy or claim(s) arising out of or relating to this Agreement through discussions between the authorized representatives or designees of the Parties. If the discussions are unsuccessful, the Parties agree that any action asserting a claim by one Party against the other must be brought in the state or federal court with appropriate jurisdiction in Prince George's County, Maryland, unless jurisdiction is prescribed elsewhere in this Agreement or dictated by Company Contract or federal law.

Exh. A. (Article XX.J.1).

Notwithstanding the Agreement's plain language, Pitterson has filed suit in the Eastern District of New York. Defendants have filed the instant motion to dismiss under Rule 12(b)(6) because Pitterson entered into a valid and enforceable agreement that this Court, among others, does not have jurisdiction over Pitterson's claims.

## III. LEGAL STANDARD

A motion to dismiss pursuant to a forum-selection clause may be pursued under Federal Rule of Civil Procedure 12(b)(6). *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 473 (2d Cir. 2011) ("[A] defendant may seek enforcement of a forum selection clause through a Rule

2

12(b) motion to dismiss, even when the clause provides for suit in an alternative federal forum."); *Ortho-Clinical Diagnostics, Inc. v. Mazuma Capital Corp.*, No. 18-CV-6416, 2019 U.S. Dist. LEXIS 36910, at *10 (W.D.N.Y. Mar. 7, 2019) ("[T]he Second Circuit rule . . ., affirming the use of Rule 12(b) to seek dismissal based on a forum-selection clause, remains good law at least with respect to Rule 12(b)(6).").

## IV.   ARGUMENT

Under the Agreement, Pitterson was required to file any claims arising out of or relating to Pitterson's relationship with Defendants in Prince George's County, Maryland. Pitterson's claims should be dismissed pursuant to Rule 12(b)(6) because the Eastern District of New York is well outside of the borders of Prince George's County, Maryland and, as such, is not a proper forum.

### A. Pitterson's Claims Should be Dismissed Because the Eastern District of New York is not a Proper Forum.

"The enforcement of valid forum–selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Fasano v. Guoqing Li*, 47 F.4th 91, 100–101 (2d Cir. 2022) (citing *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013) (cleaned up)). A forum-selection clause is presumed to be enforceable, *id.*, and should be honored as written, *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*, 211 F.R.D. 71, 84 (E.D.N.Y. 2002).

In diversity cases, courts in the Second Circuit should enforce a contractual forum-selection clause "unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir. 1990) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "If the forum clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362–63 (2d Cir. 1993)).

To rebut this presumption, the resisting party must make a "sufficiently strong" showing that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 383–84; *Fasano*, 47 F.4th at 101 (quoting *Bremen*, 407 U.S. at 15). Notably, "[t]hese exceptions are interpreted narrowly." *MBC Fin. Servs. v. Boston Merch. Fin., Ltd.*, 704 F. App'x 14, 18 (2d Cir. 2017) (quoting *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010)) (cleaned up). "[A] showing of mere inconvenience to parties or witnesses is not sufficient . . . ." *Fasano*, 47 F.4th at 101.

Because the parties agreed that the Agreement shall be construed, interpreted, and governed by federal common law of contracts (Exh. A), federal precedent interpreting forum-selection clauses applies here. Applying these principles, this Court should enforce the Agreement as written and dismiss Pitterson's complaint.

### 1. The forum-selection clause was reasonably communicated.

A forum-selection clause is reasonably communicated if it is phrased in clear and unambiguous language. *See Effron v. Sun Line Cruises*, 67 F.3d 7, 9 (2d Cir. 1995). Here, the forum-selection clause uses plain language. It is in the same font style and size as other terms in the Agreement, which is only about sixteen (16) pages in length (without Schedules, i.e., exhibits). And it is in the first paragraph of the Agreement's "Dispute Resolution" section. Thus, the language, formatting, and length of the Agreement's forum-selection clause warrant a finding that it was reasonably communicated to Pitterson.

### 2. The forum-selection clause is mandatory in nature.

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips*, 494 F.3d at 386. "Mandatory forum selection clauses . . . require that disputes *must* be brought in the designated

forum, to the exclusion of all other fora where jurisdiction may also lie." *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (emphasis in original).

Here, Pitterson agreed that if she or her authorized representative could not resolve "claim(s) arising out of or relating to" the Agreement which provided the terms of her relationship with the Defendants, "any action asserting a claim . . . *must be brought* in the state or federal court with appropriate jurisdiction in Prince George's County, Maryland[.]" Exh. A. (Article XX.J.1) (emphasis added). Because the forum-selection clause unambiguously states that any claims arising out of or relating to the Agreement *must be brought* in Prince George's County, Maryland, it confers exclusive jurisdiction on the courts in that forum and is mandatory in nature.

### 3. The forum-selection clause covers the claims in this dispute.

"To be presumptively enforceable a forum selection clause must cover the relevant claims and parties." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 818 F. Supp. 2d 597, 605 (E.D.N.Y. 2011) (citing *Phillips,* 494 F.3d at 383). Federal and state-law wage claims are generally subject to a forum-selection clause where, as here, the clause states that it covers claims that are "relating to" or "arising out of" the agreement. *See generally Garcia v. S. Grover, CPA, PLLC*, No. 18-CV-3000, 2018 U.S. Dist. LEXIS 181841 at *6-8 (S.D.N.Y. Oct. 19, 2018) (collecting cases); *Cheng v. HSBC Bank USA, N.A.*, 467 F. Supp. 3d 46, 51 (E.D.N.Y. 2020) ("Phrases like '[a]ny claim or controversy arising out of or relating to this agreement' or 'all differences arising between the parties to this agreement as to interpretation, application or performance' are classic examples of broad clauses."). The forum-selection clause at issue here is appropriately broad and inclusive to cover each of Pitterson's claims against the Defendants.

Pitterson, through artful pleading, asks the Court to ignore that the relationship with Defendants is entirely predicated on Pitterson's decision to execute the Agreement after voluntarily responding to Defendant Flavor's RFP. For example, Pitterson's claim that she was

5

misclassified as an independent contractor inherently *relates to* the Agreement, which, again, is referenced in Pitterson's Complaint. In this regard, the Agreement states that "[t]he Parties expressly agree that the relationship between the Parties *shall be that of independent contractors* and the relationship between them *shall not be considered a . . . employer-employee . . .* relationship." Exh. A (Article VII) (emphasis added).

Pitterson's remaining claims also *arise out of* the Agreement. The Complaint alleges that Defendants did not pay Pitterson her regular wage rate, a dispute that necessarily arises from the Agreement's terms concerning compensation. Exh. A (Article V). Further, the Complaint alleges that Pitterson was not paid in a timely fashion, an issue which certainly arises out of the Agreement's terms concerning invoicing and the timing of payments. *Id.* Likewise, the claims concerning whether Defendants were obligated to provide Pitterson certain notices and wage statements arise out of the Agreement's terms concerning such responsibility, including, for example, language indicating that "personnel who perform any part of the Services [of the Agreement] shall be under the employment, and ultimate control, management, and supervision of Consultant[,]" i.e., Pitterson's company, Homegrown. *Id.*

### 4. Pitterson is bound by the forum-selection clause.

As a signatory to the Agreement, Pitterson cannot reasonably dispute being bound to the Agreement's forum-selection clause. But even if Pitterson were to raise such an argument, presumably on the basis that Pitterson only signed the agreement as a representative of Homegrown, the Court should find that she is bound to the Agreement under well-settled precedent regarding non-signatory status.

A party's status as "a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Rather, a forum-selection clause may be enforced against a non-

6

signatory where enforcement was foreseeable, *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 25 (E.D.N.Y. 2014) (collecting Second Circuit cases), or where the non-signatory benefited from the contract with the forum-selection clause, *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 155 (E.D.N.Y. 2012) ("[C]ourts in this Circuit have specifically applied the theory of direct benefits estoppel to cases involving forum selection clauses.").

Here, by signing the Agreement as an officer of her company, Pitterson created a foreseeable benefit (i.e, compensation) that would run only to Pitterson and, as such, had to foresee that the Agreement's forum-selection clause would be enforced against claims arising out of or relating to that benefit and other obligations set forth therein.

## V.  CONCLUSION

Because Pitterson ignored the valid and enforceable forum selection clause requiring this action be brought in Prince George's County, Maryland, Defendants respectfully request that the Court grant this motion to dismiss.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2025, a true and correct copy of the foregoing has been filed with the Clerk of Court and sent to the following via the CM/ECF system:

Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367- 1305
(718) 412-2421 (phone)
(718) 489-4155 (fax)
ekataev@consumerattorneys.com

*Counsel for Plaintiff Janelle Pitterson*

/s/ Roya Vasseghi