**VASSEGHI LAW GROUP**

August 29, 2025

<u>Via ECF Only</u>

    *Re: Pitterson v. Flavors LLC et al – 1:25-cv-03029 ENV-CLP*

Dear Honorable Judge Vitaliano,

    Pursuant to the Court's Individual Motion Practice and Rules, Defendants Flavors LLC d/b/a The Contracts Lounge ("Flavors") and Samia Bingham ("Bingham"), by and through their undersigned counsel, move the Court for a Pre Motion Conference.

    On May 30, 2025, Plaintiff Janelle Pitterson ("Pitterson") filed, on behalf of herself and similarly situated individuals, the instant complaint, which alleges that Defendants (i) misclassified employees as independent contractors; (ii) failed to pay employees their regular wage rate and, when required, their overtime wage rate, for all hours worked; (iii) provided employees untimely payments of all wages owed; and (iv) failed to provide employees with Notices of Pay Rate and accurate wage statements.

    The complaint references an independent contractor agreement ("Agreement") Pitterson executed with Bingham's company, Flavors. The Agreement includes a forum-selection clause which states:

> The Parties will attempt in good faith to resolve any controversy or claim(s) arising out of or relating to this Agreement through discussions between the authorized representatives or designees of the Parties. If the discussions are unsuccessful, the Parties agree that any action asserting a claim by one Party against the other must be brought in the state or federal court with appropriate jurisdiction in Prince George's County, Maryland, unless jurisdiction is prescribed elsewhere in this Agreement or dictated by Company Contract or federal law.

    A motion to dismiss pursuant to a forum-selection clause may be pursued under Federal Rule of Civil Procedure 12(b)(6). *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 473 (2d Cir. 2011) ("[A] defendant may seek enforcement of a forum selection clause through a Rule 12(b) motion to dismiss, even when the clause provides for suit in an alternative federal forum."). Pitterson's artful crafting of the complaint, omitting the forum-selection clause, does not preclude this Court from considering it to decide a motion to dismiss pursuant to Rule 12(b)(6), as the Agreement and the relevant language is incorporated by reference in the Complaint at paragraphs 17, 118, and 122. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). Defendants accordingly anticipate filing a Motion to Dismiss, pursuant to Rule 12(b)(6), based on the Agreement's forum-selection clause.

Sincerely,

VASSEGHI LAW GROUP

Roya Vasseghi