# Sage Legal LLC

18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc

September 8, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Eric N. Vitaliano, U.S.D.J.
225 Cadman Plaza East
Courtroom 4C South
Brooklyn, NY 11201-1804

  *Re:* **<u>Pitterson v. Flavors LLC</u>**
    **<u>Case No.: 1:25-cv-03029 (ENV) (CLP)</u>**

Dear Judge Vitaliano:

  This office represents Plaintiff Janelle Pitterson ("Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter in response to Defendants' letter for a pre-motion conference in anticipation of a motion to dismiss ("Motion"). For the reasons set forth herein, the Motion is meritless and will unnecessarily waste judicial resources.

  As an initial matter, the forum-selection clause Defendants rely on is not mandatory. "Forum selection clauses fall into two categories, mandatory and permissive." <u>See</u> <u>Boss v. American Express Financial Advisors, Inc.</u>, 6 N.Y.3d 242 (2006). A permissive clause allows a party the option of suing either in the designated forum or in another forum having jurisdiction over the defendants. <u>See</u>, <u>e.g.</u>, <u>Orix Credit Alliance, Inc. v. Mid–South Materials Corp.</u>, 816 F. Supp. 230 (S.D.N.Y. 1993); <u>see also</u> <u>Spellmans Marine Inc. v. HC Composites L.L.C.</u>, 77 Misc. 3d 318 (N.Y. Sup. Ct. 2022).

  Further, a forum selection clause is unreasonable if, among other reasons, the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court" or enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, in this case New York. <u>See</u> <u>Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 18 (1972).

  Here, a dismissal based on the Agreement's forum-selection clause would effectively deprive Plaintiff of her day in court. For instance, because Rule 45 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") generally prohibits a Court from issuing a subpoena that would compel a non-party witness to travel more than one hundred (100) miles, Plaintiff will be unable to subpoena any witnesses in New York to the District of Maryland. <u>See</u> <u>Doe v. McAdam Fin. Group LLC</u>, No. 22-CIV.-113 (SN), 2022 WL 3579700, at *11 (S.D.N.Y. Aug. 3, 2022), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, No. 1:22-CV-113 (GHW), 2022 WL 3578569 (S.D.N.Y. Aug. 19, 2022). Critically, "'[t]he availability of process to compel the testimony of important witnesses is an important consideration in transfer motions.'" <u>See</u> <u>Indian Harbor Ins. Co. v. NL Envtl. Mgt. Services, Inc.</u>, No. 12-CIV.-2045 (PGG), 2013 WL 1144800, at *10 (S.D.N.Y. Mar. 19, 2013) (internal citations omitted). Pitterson and any witnesses she may rely on reside and work more than two hundred (200) miles away from the District of Maryland.

      As such, enforcement of the forum selection clause would work to deprive her of her day in court.

      Further, as Plaintiffs similarly situated to Pitterson may also live and work (or have worked) for Defendants in New York, they are unlikely to be able to travel to Maryland to pursue their claims.

      Moreover, a motion under Rule 12(b)(6) is procedurally improper for enforcing a forum-selection clause. Courts in this Circuit have recognized that such clauses are typically addressed under 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens*, not under Rule 12(b)(6), particularly when the clause contemplates transfer to another federal district. See Martinez v. Bloomberg LP, 740 F.3d 211, 216 (2d Cir. 2014).

      Even assuming that the forum selection clause was enforceable (which it is not), dismissal is not warranted. At best, this case should be transferred, not dismissed, and Defendants have not shown that transfer would serve the interests of justice or convenience. See 28 U.S.C. § 1404(a); see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49 (2013) (cited in DarkPulse, Inc. v. FirstFire Glob. Opportunities Fund, LLC, No. 23-78, 2024 WL 1326964 (2d Cir. Mar. 28, 2024)).

      For the foregoing reasons, this Court should retain jurisdiction and deny Defendants' letter motion for a pre-motion conference. Accordingly, this Court should set a briefing schedule so that Plaintiff may fully oppose the anticipated motion.

      Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
       September 8, 2025           Respectfully submitted,

                                                    **SAGE LEGAL LLC**

                                                  */s/ Emanuel Kataev, Esq.*
                                                Emanuel Kataev, Esq.
                                                18211 Jamaica Avenue
                                                Jamaica, NY 11423-2327
                                                (718) 412-2421 (office)
                                                (917) 807-7819 (cellular)
                                                (718) 489-4155 (facsimile)
                                                emanuel@sagelegal.nyc

                                                *Attorneys for Plaintiff*
                                                *Janelle Pitterson*

**VIA ECF**
All counsel of record